**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-2550**

---

MARK JAMELL, an infant who sues by his mother
as next friend Carol A. Jamell; CAROL A.
JAMELL, individually,

Plaintiffs - Appellants,

versus

CITY OF CHESAPEAKE, A Municipal Corporation,

Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-95-249-2)

---

Argued: June 3, 1996                    Decided: June 26, 1996

---

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Louis Bernard Fine, Henry Lewis Allen, FINE, FINE, LEGUM & FINE, Virginia Beach, Virginia, for Appellant. Thomas Jeffrey Salb, BREEDEN, MACMILLAN & GREEN, P.L.C., Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Jamell and his mother, Carol A. Jamell, appeal from the district court's grant of summary judgment in favor of the City of Chesapeake, Virginia. The Jamells sued the City after Mark sustained injuries while he was using playground equipment at a park owned and operated by the City. The suit alleged that the City was grossly negligent[1] by failing to provide various safety features on the equipment, failing to warn of dangers, and failing to properly maintain the equipment. The Jamells sought compensatory and punitive damages. The City filed a motion for summary judgment. On July 28, 1995, the district court granted the motion, holding that the Jamells presented no evidence creating a genuine issue of material fact with respect to the issue of gross negligence. This appeal followed.

After carefully considering the record, the briefs and the arguments of the parties, we conclude that the district court properly granted the City's motion for summary judgment. Accordingly, we affirm for the reasons stated in the district court's thorough opinion. See Jamell v. City of Chesapeake, No. 2:95cv249 (E.D. Va. Jul. 28, 1995).[2]

---

[1] Under Virginia law, a plaintiff must prove gross negligence to recover from a municipality for injuries at a "playground or other recreational facility." See Va. Code § 15.1-291.

[2] On appeal the Jamells relied in part on certain affidavits submitted to the district court after summary judgment had been awarded to the City. By order dated August 4, 1995, the district court declined to consider these affidavits because they had not been timely filed. We find no error in this ruling, and consequently we, too, have not considered the untimely affidavits.